Jesús María DE LA ROCA; Griselda Grijalva, Petitioners,

v.

John ASHCROFT, Attorney General of the United States Respondent.

No. 02–2505.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Feb. 13, 2003.

Decided March 4, 2003.

Before ALITO and MCKEE, Circuit Judges, and SCHWARZER,* Senior District Judge.

OPINION OF THE COURT

PER CURIAM.

Jesús María De La Roca and her daughter, Griselda Grijalva, petition for review of an order of the Board of Immigration Appeals (BIA) adopting the Immigration Judge's (IJ) decision denying political asylum, and withholding of deportation. Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision for substantial evidence.

Petitioners argue that they established a reasonable possibility of past persecution, giving rise to a presumption of a well-founded fear of future persecution, based on two incidents. First, petitioners testified that in 1978, guerillas destroyed their village. Petitioners managed to escape to another town before the guerillas arrived. They lived safely elsewhere in Guatemala until 1990, when in a second incident, they were stopped by a guerilla road block on their way to the beach, subjected to guerilla propaganda, and told that there would soon be a firefight between government

* Honorable William W. Schwarzer, Senior District Judge, Northern District of California, sitting by designation.

and guerilla forces. After the firefight, during which petitioners were not harmed, they were allowed to continue to the beach and later returned safely to their home. Petitioners decided after this incident that it was no longer safe to remain in Guatemala. Petitioners arrived in the United States without inspection shortly thereafter. Jesús María De la Roca's husband remained behind and currently resides in Guatemala with their other five children.

■ The IJ found petitioners to be credible, but that they failed to demonstrate a well-founded fear of persecution. We agree and find that the IJ's decision is supported by substantial evidence. In the first incident, having fled their village before the arrival of guerillas, petitioners did not come into any contact with the guerillas. Petitioners then lived safely elsewhere in Guatemala for the next twelve years. In the second instance, petitioners were never harmed, and were permitted to travel safely to their beach outing after their encounter with guerillas. This incident could even be considered an attempt by the guerillas to protect petitioners' safety during the firefight that was about to break out. The petitioners presented no evidence so compelling that no reasonable fact-finder could fail to find they have suffered past persecution "on account of race, religion, nationality, membership in a particular social group or political opinion." See INS v. Elias–Zacarias, 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); INA § 208, 8 U.S.C. § 1158(a).

■ Further, any fear of future persecution based on alleged past persecution would be effectively rebutted by evidence of changed country conditions in Guatemala, which signed peace accords in 1996 that ended the civil war. Petitioners assert, however, that upon their return to Guatemala, they would be targeted for persecution by guerillas as a group of Gua-

temalans who have lived in the United States for a time. We agree with the IJ that, "the fear that the respondents are now evidencing is a fear of common crime and delinquency and not of persecution based upon one of the five [statutory] grounds."

Because petitioners did not meet their burden to establish either a reasonable probability of past persecution or a well-founded fear of future persecution, the petition is DENIED.